UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
JUN 1 3 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN RE: NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION ATHLETIC GRANT-IN-AID CAP
ANTITRUST LITIGATION                                                      MDL No. 2541

TRANSFER ORDER

U.S. District Court, Northern
District of California
Case Number: 4:14-md-2541

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Northern District of California moves for centralization of this litigation in that district. This litigation currently consists of two actions pending in the Northern District of California and the District of New Jersey, as listed on Schedule A.[1] Both actions involve antitrust challenges to the National Collegiate Athletic Association's (NCAA's) bylaws that limit athletic grants-in-aid (a/k/a athletic scholarships) to tuition and fees, room and board, and required course-related books. Plaintiffs allege, *inter alia*, that these athletic grants-in-aid do not cover the full cost of attending school.

The motion is supported by the plaintiffs in the potential tag-along actions pending in the Northern District of California and the District of Minnesota.[2] In contrast, plaintiffs in the action on the motion pending in the District of New Jersey oppose centralization. Alternatively, they support centralization in the District of New Jersey. Several groups of defendants also oppose centralization. These include: (1) the NCAA; (2) the Atlantic Coast Conference, the Big Ten Conference, Inc., the Big Twelve Conference, Inc., the Pacific 12 Conference, and the Southeastern Conference (collectively, the "Power Conferences"); and the American Athletic Conference, the Atlantic Sun Conference, Conference USA, the Mid-American Conference, the Mountain West Conference, and the Sub Belt Conference (collectively, the "Tag-Along Conferences"). Alternatively, the defendants propose the Southern District of Indiana as the transferee forum.

In opposing transfer, the defendants and the New Jersey plaintiffs primarily focus on certain differences in the asserted classes and relief sought in the actions on the motion, as well as the potential tag-alongs. The plaintiff in the action pending in the Northern District of California seeks both damages and injunctive relief on behalf of a putative nationwide class of individuals who

---

[*] Judges Sarah S. Vance and Ellen Segal Huvelle took no part in the decision of this matter.

[1] The parties have notified the Panel of four additional related actions pending in the Northern District of California, the Eastern District of Louisiana, and the District of Minnesota. These and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] During oral argument, counsel for the moving plaintiff informed the Panel that the plaintiff in the potential tag-along action in the Eastern District of Louisiana also supports the motion.

-2-

received athletic grants-in-aid for participating in college football from a member institution of one of the Power Conferences for a period beginning four years prior to the filing of the complaint. The New Jersey plaintiffs, however, seek damages for themselves only and injunctive relief on behalf of a putative nationwide class of all individuals who have received or will receive athletic grants-in-aid for participation in either Division I men's basketball or Division I Football Bowl Subdivision (FBS) football from the date of the complaint (*i.e.*, on behalf of current players).[3]

We are not convinced that these distinctions outweigh the numerous and complex common questions of fact present in this litigation. For instance, while the New Jersey action may also seek broader relief against any NCAA limitations on remuneration of student-athletes, both actions attack the NCAA's bylaws limiting the amount of athletic grants-in-aid for student-athletes that play FBS football. Both actions assert similar claims that the NCAA's bylaws regarding the amount of athletic grants-in-aid violate Section 1 of the Sherman Act. Additionally, both actions will involve similar defenses regarding the protection of amateurism in college sports and the promotion of competitive balance. Thus, it is likely that factual issues and discovery will overlap, particularly as to the definition of the relevant market(s) and the affirmative defenses. In light of the ongoing litigation of similar antitrust issues involving the NCAA in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation* (the *Name & Likeness Litigation*), C.A. No. 4:09-01967 (N.D. Cal.), which has involved extensive discovery and motion practice, the opponents' contention that the factual issues in this litigation will not be complex and are amenable to informal coordination seems overly optimistic.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions relating to whether the NCAA bylaws restricting the amount of athletic grants-in-aid for students participating in FBS football constitute unlawful price fixing and restraint of trade in violation of the Section 1 of the Sherman Act. The actions assert putative nationwide classes that, while not identical, overlap significantly. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, we have selected the Northern District of California as the transferee district for this litigation. Three of the six related actions (including the potential tag-along actions) are pending in the Northern District of California. Two of these have already been related to the ongoing *Name & Likeness Litigation* in that district. Chief Judge Claudia Wilken, who is presiding over the *Name & Likeness Litigation*, undoubtedly has gained substantial familiarity with the factual and procedural issues that may arise in this litigation. Additionally, Judge Wilken is an able and

---

[3] The potential tag-along actions involve additional differences, such as the inclusion of the Tag-Along Conferences in the actions pending in the District of Minnesota and the Eastern District of Louisiana, and the assertion of a putative subclass of individuals participating in Division I women's basketball in the action pending in the District of Minnesota.

-3-

experienced transferee judge who we are confident will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Claudia Wilken for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            R. David Proctor

IN RE: NATIONAL COLLEGIATE ATHLETIC
ASSOCIATION ATHLETIC GRANT-IN-AID CAP
ANTITRUST LITIGATION                                              MDL No. 2541

## SCHEDULE A

<u>Northern District of California</u>

ALSTON v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, ET AL.,
C.A. No. 4:14-01011

<u>District of New Jersey</u>

JENKINS, ET AL. v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,
ET AL., C.A. No. 3:14-01678